**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 17 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BIJAY SHRESTHA, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-70051 <br><br> Agency No. A089-674-488 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2014[**]

Before:     PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

Bijay Shrestha, a native and citizen of Nepal, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We grant the petition for review and remand.

The BIA denied Shrestha's claims for relief based on the IJ's adverse credibility determination. Substantial evidence does not support the BIA's reliance on a discrepancy between Shrestha's testimony and his statements to the asylum officer regarding the number of people who attacked him. *See Ren v. Holder*, 648 F.3d 1079, 1089 (9th Cir. 2011) (adverse credibility determination was not supported under the "totality of the circumstances"). Further, in reviewing Shrestha's appeal, the BIA did not address Shrestha's contention that he was not given an opportunity to explain the other perceived discrepancies the IJ relied upon. *See Shrestha*, 590 at 1044; *Brezilien v. Holder*, 569 F.3d 403, 412 (9th Cir. 2009) (IJs and the BIA are not free to ignore arguments).

Further, at the time of its decision, the BIA did not have the benefit of our decision in *Ren*, 648 F.3d at 1089-94.

Finally, in rejecting Shrestha's contention that his untimely asylum application was excused by extraordinary circumstances, the BIA appears to have misconstrued the IJ's decision as reaching the argument that it was the events

leading up to the election, and not the election itself, that caused Shrestha to file for asylum.

Accordingly, we grant the petition for review as to Shrestha's claims, and remand, on an open record, for further proceedings in light of this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *Soto-Olarte v. Holder*, 555 F.3d 1089, 1093-96 (9th Cir. 2009).

**PETITION FOR REVIEW GRANTED; REMANDED.**